UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANNETTE M. WECKHERLIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:16-cv-01487-AGF |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Annette Weckherlin was not disabled, and thus not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. For the reasons set forth below, the decision of the Commissioner will be affirmed.

## BACKGROUND

Plaintiff, who was born on January 23, 1983, filed her application for benefits on February 24, 2014, alleging disability beginning January 22, 2014, due to depression, anxiety, carpal tunnel syndrome, back pain, and migraines. On April 9, 2014, Plaintiff's application was denied at the initial administrative level, and she thereafter requested a

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this suit.

hearing before an Administrative Law Judge ("ALJ").

A video hearing was held on January 6, 2015, at which Plaintiff and a vocational expert ("VE") testified. Although Plaintiff was informed of her right to representation, she appeared and testified without the assistance of an attorney. By decision dated May 18, 2015, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "light work" as defined by the Commissioner's regulations, except that:

> She cannot climb ladders, ropes, or scaffolds, and she can perform no more than occasional climbing of ramps and stairs and occasional balancing, stooping, kneeling, crouching, and crawling. She needs to avoid unprotected heights and dangerous or moving machinery. In addition, [she] would need an unskilled, simple, routine, repetitive job with only occasional interaction with supervisors, coworkers, and the public and with no fast-paced or high production quotas.

Tr. 25.

The ALJ next found that Plaintiff could perform certain light unskilled jobs listed in the Dictionary of Occupational Titles ("DOT") (housekeeping, mail room clerk, and merchandise marker) that the VE had stated a person with Plaintiff's RFC and vocational factors (age, education, work experience) could perform and that were available in significant numbers in the national economy. In a footnote, the ALJ further stated that, although Plaintiff's RFC made her capable of this light unskilled work, even if the ALJ had "reduced the 'light' baseline capacity to the 'sedentary' level," there were still a significant number of jobs in the national economy that Plaintiff could perform, as confirmed by the VE, including the sedentary unskilled jobs of address clerk, account clerk, and bench sorter. Tr. 28 n.4.

2

Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. Plaintiff's request for review by the Appeals Council of the Social Security Administration was denied on August 23, 2016. Plaintiff has thus exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

Plaintiff, who is now represented by counsel, argues that "[t]he ALJ's [RFC] finding is too vague to allow meaningful review or to satisfy the specificity required by regulation and policy, in that a limit to 'light exertion' could have a variety of different meanings, and the phrase 'no fast-paced or high production quotas' is overly vague." ECF No. 13 at 2. Plaintiff also argues that the ALJ improperly relied upon the VE's testimony without establishing a reasonable basis for that testimony. With respect to the latter argument, Plaintiff contends that, because the hypothetical questions the ALJ posed to the VE included "functional limitations that are not described by the DOT," the ALJ was required to inquire further as to the basis for the VE's testimony. *Id.* at 5-6. Plaintiff asks that the ALJ's decision be reversed and the case remanded for an award of benefits or, alternatively, for further development of the record.

**Agency Records, Medical Records, Evidentiary Hearing, and ALJ's Decision**

The Court adopts the unopposed facts set forth in Plaintiff's Statement of Uncontroverted Material Facts (ECF No. 13-1), as amended by Defendant to exclude Plaintiff's legal arguments (ECF No. 20). These statements provide a fair description of the record before the Court. Specific facts will be discussed as needed to address the

parties' arguments.

## **DISCUSSION**

### **Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). The court "may not reverse merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (citations omitted). A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (citations omitted). Put another way, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.*

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12

4

months. 42 U.S.C. § 423(d)(1)(A). As indicated above, the Commissioner has promulgated regulations, found at 20 C.F.R. § 404.1520, establishing a five-step sequential evaluation process to determine disability. The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If not, the Commissioner decides whether the claimant has a severe impairment or combination of impairments.

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations. If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work. If the claimant cannot perform his past relevant work, the burden of proof shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform work that is available in the national economy and that is consistent with the claimant's vocational factors – age, education, and work experience. *See, e.g., Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). When a claimant cannot perform the full range of work in a particular category of work (medium, light, and sedentary) listed in the regulations, the ALJ must produce testimony by a VE (or other similar evidence) to meet the step-five burden. *See Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006).

**RFC Finding**

Plaintiff claims that the ALJ's general limitation to "light work" and the ALJ's reference to "no fast-paced or high production quotas" were impermissibly vague, and that

5

the ALJ erred by failing to undergo the required function-by-function analysis in making the RFC determination. In the circumstances of this case, the ALJ did not err.

A claimant's RFC is the most she can do despite her physical or mental limitations. 20 C.F.R. § 404.1545(a). The RFC is a "function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1996). An ALJ's RFC assessment should "identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions [listed] in . . . 20 C.F.R. § 404.1545[.]" *Id.* at *1. Functions listed in § 404.1545 include sitting, standing, walking, lifting, carrying, pushing, and pulling—all of which Plaintiff claims the ALJ failed to assess here—as well as manipulative and postural functions, such as reaching, handling, stooping, or crouching. *See* 20 C.F.R. § 404.1545.

Where an ALJ does not "specify the details" of a claimant's RFC and describes it only in "general terms," a reviewing court is unable to determine whether substantial evidence supports the ALJ's conclusion that the claimant can perform work. *Pfitzner v. Apfel*, 169 F.3d 566, 568-69 (8th Cir. 1999). Here, the ALJ did not describe Plaintiff's RFC only in general terms but made explicit findings as to Plaintiff's functional limitations. The ALJ's reference to "light work" in the assessed RFC, and in the hypothetical question posed to the VE, did not constitute error. *See George v. Berryhill*, No. 4:16 CV 853 CDP, 2017 WL 3034694, at *7–8 (E.D. Mo. July 18, 2017) (rejecting an identical argument raised by the claimant); *see also Depover v. Barnhart*, 349 F.3d 563,

567 (8th Cir. 2003) ("Here, however, the ALJ did not simply describe the RFC in 'general terms.' He made explicit findings and, although we would have preferred that he had made specific findings as to sitting, standing, and walking, we do not believe that he overlooked those functions.").

Likewise, the ALJ's reference to "no fast-paced or high production quotas" in the RFC and in the hypothetical question posed to the VE did not constitute error. "In order to constitute substantial evidence, a [VE's] testimony must be based on a hypothetical that captures the concrete consequences of the claimant's deficiencies." *Scott v. Berryhill*, 855 F.3d 853, 857 (8th Cir. 2017) (citation omitted). But "the hypothetical question need not frame the claimant's impairments in the specific diagnostic terms used in medical reports." *Id.*

The case relied upon by Plaintiff, *Varga v. Colvin,* 794 F.3d 809 (7th Cir. 2015), held that an ALJ's failure to define "fast-paced production" was "problematic," not because the phrase "fast-paced production" was *per se* erroneous, but because the hypothetical question, as a whole, failed to adequately capture the claimant's moderate limitations in concentration, persistence, or pace. *Varga,* 794 F.3d at 815. The hypothetical question in that case limited the claimant "to simple, routine, and repetitive tasks in a work environment free of fast paced production requirements, involving only simple, work-related decisions with few if any work place [sic] changes." *Id.* at 812. But the Seventh Circuit had "repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others

7

adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Id.* at 814 (citation omitted). Thus, the Seventh Circuit held that the hypothetical question was deficient, and that the additional limitation to no "fast-paced production," without further definition, did not cure the deficiency. *Id.* at 815 ("Without such a definition, it would have been impossible for the VE to assess whether a person with [the claimant's] limitations could maintain the pace proposed.").

Here, too, the ALJ found that Plaintiff had moderate difficulties in concentration, persistence, or pace, and accounted for this by limiting Plaintiff to a "simple, routine, repetitive job with only occasional interaction with supervisors, coworkers, and the public and with no fast-paced or high production quotas." But unlike the Seventh Circuit, the Eighth Circuit has held that a limitation to "simple, routine, repetitive" tasks *does* adequately capture moderate difficulties in concentration, persistence, or pace. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001).

The ALJ's addition of "no fast-paced or high production quotas" did not render the RFC or the hypothetical question erroneous. *See, e.g.*, *Howe v. Astrue*, 499 F.3d 835, 840 (8th Cir. 2007) ("As for working at a slow pace, the ALJ's hypothetical question assumed an individual who could not perform fast-paced work, but could work at a regular pace. This description is consistent with the conclusion [that the claimant] was capable of performing light work."); *Wasinger v. Berryhill*, No. 16-00682-CV-S-ODS, 2017 WL 2257357, at *2 (W.D. Mo. May 23, 2017) (holding that an RFC limiting the claimant to "simple, routine, repetitive work tasks, involving no fast-paced production requirements

8

and only simple, work-related decisions, with few, if any workplace changes," adequately accounted for the claimant's moderate difficulties in concentration, persistence, or pace).

**<u>VE's Testimony and the DOT</u>**

The "DOT definitions are simply generic job descriptions that offer the approximate maximum requirements for each position, rather than their range." *Page v. Astrue*, 484 F.3d 1040, 1045 (8th Cir. 2007) (citation omitted). As Plaintiff argues, an ALJ has a duty to make sufficient inquiry to determine whether a conflict exists between a VE's testimony and the information provided in the DOT, and if there is an "apparent unresolved conflict," to "elicit a reasonable explanation for the conflict and resolve the conflict by determining if the explanation given [by the VE] provides a basis for relying on the VE testimony rather than on the DOT information." *Moore v. Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014) (citations omitted). Plaintiff has also attached to her brief before the Court a document titled "Information and Reminder" issued by the Social Security Administration's Chief Administrative Law Judge, which "provides guidance on . . . policy, best practices, and recent court trends regarding [VE] evidence." ECF No. 13-2. The Information and Reminder reiterates that "[w]hen there is an apparent unresolved conflict between VE [ ] evidence and the DOT, the adjudicator must elicit a reasonable explanation for that conflict before relying on the VE[.]" *Id.* at 1.

Plaintiff argues that the DOT is silent with respect to certain functional limitations that the ALJ included in her hypothetical question posed to the VE, namely, the limitations regarding occasional interaction with supervisors, co-workers, and the public, and those

9

regarding no fast-paced or high-production quotas.  Plaintiff argues that, even if these limitations did not apparently conflict with the DOT, the DOT's silence required the ALJ to conduct further inquiry as to the basis for the VE's testimony.

The parties have not cited, and the Court has not found, any Eighth Circuit caselaw addressing the ALJ's responsibility when the DOT is silent with respect to a functional limitation.  Although there is some non-binding authority to the contrary, *see Beringer v. Colvin*, No. 4:15-CV-1412 NAB, 2016 WL 4762080, at *5 (E.D. Mo. Sept. 13, 2016), the Court is persuaded by the reasoning of several district and circuit court cases holding that the DOT's silence as to a functional limitation does not create a conflict between the DOT and the VE's testimony, and therefore does not require further inquiry by the ALJ.  *See, e.g., Courtney v. Berryhill*, No. 4:15-cv-1894-CDP, ECF No. 23 (E.D. Mo. Mar. 14, 2017) (rejecting an identical argument raised by Plaintiff's counsel, that further inquiry was required of a VE where certain limitations included in the ALJ's hypothetical question were not specifically mentioned by the DOT); *Dewey v. Colvin*, 650 F. App'x 512, 514 (9th Cir. 2016) (unpublished) ("A conflict must exist between the VE's testimony and the DOT in order to trigger the ALJ's responsibility to resolve the conflict. Here, the DOT is silent on whether the jobs in question allow for a sit/stand option. There is no conflict.") (internal citations omitted); *Wahpekeche v. Colvin*, 640 F. App'x 781, 785-86 (10th Cir. 2016) (unpublished) (holding same); *Zblewski v. Astrue*, 302 F. App'x 488, 494-95 (7th Cir. 2008) (unpublished) (same).

In short, the Court finds that ALJ did not err in this respect, and as the ALJ's

findings are supported by substantial evidence on the record as a whole, the Court will affirm the Commissioner's decision.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated on this 5th day of September, 2017.